NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EARL BUTLER, DOC #G02261,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D16-4096
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed August 9, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; James A. Yancey and
Peter F. Estrada, Judges.

Earl Butler, pro se.


ROTHSTEIN-YOUAKIM, Judge.

⠀⠀⠀⠀⠀⠀Earl Butler appeals the partial summary denial and partial dismissal with

prejudice of his motion and amended motion for postconviction relief pursuant to Florida

Rule of Criminal Procedure 3.850 and the denial of his request for leave to further

supplement his amended rule 3.850 motion. In his original and amended motions,

Butler raised numerous grounds for relief that he neither labeled nor numbered. The

postconviction court labeled and numbered each claim and amended claim—twenty-

three in total—and did not err in its disposition of those claims that it addressed.  Nor did the postconviction court abuse its discretion in denying Butler's untimely request to supplement his amended motion.

Understandably, however, the postconviction court apparently missed a twenty-fourth claim, which was wedged between claims six and seven (the first full paragraph and the third full paragraph) on page ten of Butler's original motion.  In that claim, Butler alleged that his counsel had performed deficiently at sentencing by failing to object to his designation as a habitual felony offender because he had last been convicted of a felony in 1998.  See § 775.084(1)(a)(2)(b), Fla. Stat. (2013).  The postconviction court never addressed this claim, and the summary record does not shed light on it.

Accordingly, we affirm the postconviction court's disposition of the twenty-three claims upon which it ruled and its denial of Butler's request to supplement his amended motion.  We must vacate the final disposition, however, to the extent that we remand for the postconviction court to consider in the first instance the twenty-fourth claim for relief identified above.  We do not comment on the merits of this outstanding claim but note that, if the postconviction court determines that it is facially insufficient, Butler should be given an opportunity to amend it pursuant to rule 3.850(f).

Affirmed in part; vacated in part; remanded with directions.

VILLANTI and CRENSHAW, JJ., Concur.